ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 OCT 16  PM 12:48

DEPUTY CLERK_____

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **BENNIE COPELAND,** ) | |
| ) | |
| **Plaintiff** ) | Case No. _____ |
| ) | |
| **v.** ) | |
| ) | **ORIGINAL COMPLAINT** |
| **HVM LQ MANAGEMENT, LLC,** ) | |
| **SAI BABA ASSOCIATES LLC,** ) | |
| **PRITESH D. PATEL,** ) | **DEMAND FOR JURY TRIAL** |
| **HITESH PATEL,** ) | |
| **DAYABHAI BHOVAN, and** ) | |
| **MICHELLE KHAN** ) | **3-13CV-4179M** |
| ) | |
| **Defendants** ) | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Bennie Copeland, through her undersigned counsel, Law Office of Jason A. Nordsell, complains against Defendants HVM LQ Management LLC, SAI Baba Associates LLC, Pritesh D. Patel, Hitesh Patel, Dayabhai Bhovan, and Michelle Khan, alleging as follows:

### STATEMENT OF CLAIM

1. This is an action to vindicate violations of Plaintiff's civil rights and to redress the unlawful and discriminatory conduct and employment practices of the Defendants. This action arises out of the illegal termination of Bennie Copeland on or about September 23, 2013. Plaintiff alleges that she was terminated from her employment, based – in whole or in part – upon her race, in violation federal and Texas law.

### JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under 42 U.S.C. §§ 2000e et seq., as well as 42 U.S.C. § 1981. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Texas state law

claims, as they are so related to the claims in this action within the Court's original jurisdiction that they arise from the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants reside and conduct business in this District and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## ADMINISTRATIVE PREREQUISITES

4. Plaintiff has complied with all the administrative prerequisites to action for her Title VII and state law claims by jointly filing a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWC") on or about September 27, 2013.

5. Plaintiff requested and received a Notice of Right to Sue on or about September 27, 2013, attached to this Complaint as Exhibit A.

## PARTIES

6. Plaintiff Bennie Copeland, an African-American female, is a resident of Garland, Texas.

7. Defendant HVM LQ Management LLC ("La Quinta"), a Texas limited liability company engaging in interstate commerce, is one of the largest operators of limited-service hotels in the United States.

8. At all relevant times, Defendant La Quinta employed in excess of five-hundred and one employees and was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

9. Defendant SAI Baba Associates LLC, d/b/a La Quinta Inn & Suites Mesquite, TX ("SAI"), is a Texas limited liability company engaging in interstate commerce. It is owned only by Pritesh D. Patel, Hitesh Patel, and Dayabhai Bhovan.

10. At all relevant times, Defendant SAI employed in excess of fifteen employees and was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

11. Defendant Pritesh D. Patel ("Pete") is a Texas resident, co-owner and President of SAI.

12. Hitesh Patel ("Patel") is a Texas resident, Director and co-owner of SAI.

13. Dayabhai Bhovan ("Bhovan") is a Texas resident, Director and co-owner of SAI.

14. Defendant Michelle Khan ("Khan") is a Texas resident and is General Manager of SAI.

## LA QUINTA AND SAI ARE A SINGLE EMPLOYER

15. Defendants La Quinta and SAI are a single employer for the purposes of Title VII. At all relevant times, Plaintiff was an employee of HVM LQ Management LLC and SAI Baba Associates LLC within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., and applicable case law.

16. On information and belief, La Quinta set the terms of Plaintiff's employment and had the right to control Plaintiff's work, including training, discipline and termination.

17. SAI hired, paid and supervised Plaintiff.

## SAI MEMBER/OWNER LIABILITY

18. SAI acts as an "alter ego" to its members'/owners. On information and belief, Pete, Patel and Bhovan fail to keep SAI's assets separate from their own, fail to follow statutory formalities, comingle their funds with SAI's, and divert SAI's company funds

for their own use.  Further, insulating its' owners by recognizing the limited liability of SAI would result in substantial injustice.

19. Alternatively or in conjunction with paragraph 20, SAI acts as an agent to its members'/owners' illegal discriminatory employment practices.  On information and belief, member/owner(s) of SAI instructed the General Manager, Khan, to illegally terminate Plaintiff because of her race.

20. Alternatively or in conjunction with paragraph 19, as principals of SAI, Pete, Patel and Bhovan ratified SAI's illegal termination of Platintiff.  Pete, Patel and Bhovan knew about the illegal termination of Plaintiff and none of them disavowed it.

## RACIAL DISCRIMINATION

21. Plaintiff was qualified for the position of executive housekeeper that she held while working for La Quinta and SAI.  Plaintiff held this position from approximately April 23, 2013 through September 23, 2013.  Plaintiff has extensive experience in this position, met or exceeded her employer's expectations, has no disciplinary history, and has numerous written compliments from guests.

22. Plaintiff was terminated by Defendants because of her race.  Plaintiff was notified of her termination by Khan on September 23, 2013.  Plaintiff inquired the reason; Khan would not give a reason, other than telling her that "Pete wants you gone," and that "Pete wants Hispanic workers."

23. Pete has informed the management team of SAI – in meetings and through emails – on multiple occasions during the few months prior to Ms. Copeland's termination, that he

only wants them to hire "Hispanic females" in the housekeeping department. Plaintiff was fired and replaced by Vicky Esparza, a "Hispanic female."

24. Defendants' racially-motivated, blatantly illegal, disturbingly immoral and wildly uncivilized termination of Ms. Copeland has caused her to suffer mental anguish and emotional pain and suffering, including feelings of confusion, betrayal, fright and devastation, manifesting themselves in Plaintiff through loss of sleep, frequent bursting in to tears, strained personal relationships and difficulty in dealing with certain everyday activities.

**FIRST and SECOND CLAIMS FOR RELIEF**
**(Title VII and Texas Labor Code, Chapter 21 violations – disparate treatment – brought against La Quinta, SAI, Pete, Patel and Bhovan)**

25. Plaintiff realleges and incorporates by reference all previous paragraphs.

26. Defendants terminated Plaintiff because of her race, telling Plaintiff her race was the reason she was being terminated.

27. Plaintiff was a member of a protected class, qualified for the position she held, terminated from her employment because of her status as a member of a protected class, and replaced by someone outside of her protected class.

28. When they terminated Plaintiff because of her race, Defendants intentionally and maliciously discriminated against Ms. Copeland, contrary to her federally protected rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., as well as her rights under state law pursuant to Texas Labor Code, Chapter 21. Defendants are liable to Plaintiff for back pay, front pay, compensatory and punitive damages, and such other legal and equitable relief as this Court may deem just and proper.

29. Defendants' conduct was willful, wanton, deliberate, malicious, egregious and outrageous, warranting the imposition of punitive damages which will serve as an example and deterrent to Defendants and others who would commit similar illegal acts.

30. Defendants' illegal conduct also subjects them to Plaintiff's attorney fees and costs in this action, for which Plaintiff now sues.

### THIRD CLAIM FOR RELIEF
### (42 U.S.C. § 1981 violations brought against all Defendants)

31. Plaintiff realleges and incorporates by reference all previous paragraphs.

32. Defendants intentionally illegally and maliciously discriminated against Ms. Copeland by terminating her because of her race, contrary to federal protection afforded under 42 U.S.C. § 1981.

33. Defendants are liable to Plaintiff for back pay, front pay, compensatory and punitive damages, and such other legal and equitable relief as this Court may deem just and proper.

34. Defendants' conduct was willful, wanton, deliberate, malicious, egregious and outrageous, warranting the imposition of punitive damages which will serve as an example and deterrent to Defendants and others who would commit similar illegal acts.

35. Defendants' illegal conduct also subjects them to Plaintiff's attorney fees and costs in this action, for which Plaintiff now sues.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests from this Court as follows:

A. An award of damages, including but not limited to front pay, back pay, compensatory damages, and punitive damages;

B. Costs of this action, including expert fees;

C.  Attorney fees;

D.  Pre and post-judgment interest as allowed by law; and

E.  Any other legal and equitable relief this Court deems necessary and just.

Respectfully Submitted,

LAW OFFICE OF JASON A. NORDSELL

By:

*Jason Nordsell*

Jason Nordsell
Texas Bar No. 24085503
3131 McKinney Ave.
Ste. 600
Dallas, TX 75204
Ph. 202-215-3810
Jason.Nordsell@LawOfficeJAN.com
***Attorney for Plaintiff***

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action with respect to which she has a right to a jury trial.

# Exhibit A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 450-2013-04294 |

## Texas Workforce Commission Civil Rights Division
*State or local Agency, if any*                                    and EEOC

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Bennie F. Copeland** | **(469) 671-7881** | **09-27-1961** |

| Street Address | City, State and ZIP Code |
|---|---|
| **414 Atherton Dr, Garland, TX 75043** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **LA QUINTA INN & SUITES** | **15 - 100** | **(972) 352-3970** |

| Street Address | City, State and ZIP Code |
|---|---|
| **118 U. S. Hwy 80 E, Mesquite, TX 75149** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**

| Earliest | Latest |
|---|---|
| **09-23-2013** | **09-23-2013** |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.   **PERSONAL HARM:**
On 4/23/2013 I was hired as an Executive Housekeeper. On 9/23/2013 I was terminated.

II.  **RESPONDENT'S REASON FOR ADVERSE ACTION:**
Michelle Khan, General Manager, told me "Pete wants you gone." I tried telling her that I didn't understand because I was never written up, had no issues with attendance or punctuality. Ms. Khan then said "Pete wants Hispanic workers."

III. **DISCRIMINATION STATEMENT:**
I believe that I was discriminated against because of my race (Black), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT *Bennie Copeland* |
| Sep 27, 2013    *Bennie Copeland* <br> Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) *Norma Warner* 9/27/2013 |

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Bennie F. Copeland**
**414 Atherton Dr**
**Garland, TX 75043**

From: **Dallas District Office**
**207 S. Houston St.**
**3rd Floor**
**Dallas, TX 75202**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2013-04294 | **Norma Warner,** **Investigator** | **(214) 253-2884** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Norma Warner for*
_____
**Janet V. Elizondo**
**District Director**

09/27/2013
*(Date Mailed)*

Enclosures(s)

cc:
**Pritesh D. Patel, Owner**
**LA QUINTA INN & SUITES**
**118 U. S. Hwy 80 E**
**Mesquite, TX 75149**

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET ~~3-13CV-4179M~~

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Bennie Copeland

**DEFENDANTS**
HVM LQ MANAGEMENT, LLC, SAI BABA ASSOCIATES LLC, PRITESH D. PATEL, HITESH PATEL, DAYABHAI BHOVAN, and MICHELLE KHAN

**(b)** County of Residence of First Listed Plaintiff   **Dallas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Dallas**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Jason A. Nordsell
Jason Nordsell
3131 McKinney Ave. Ste. 600  Dallas, TX 75204

Attorneys *(If Known)*

RECEIVED
OCT 16 2013
CLERK, U.S. DISTRICT COURT

**II. BASIS OF JURISDICTION**  *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane — ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability — ❏ 367 Health Care/ | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | | Pharmaceutical | | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 320 Assault, Libel & Slander — Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' Liability — ❏ 368 Asbestos Personal | | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 340 Marine — Injury Product Liability | | ❏ 830 Patent | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| | ❏ 345 Marine Product Liability — **PERSONAL PROPERTY** | | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle — ❏ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability — ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury — ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 862 Black Lung (923) | ❏ 890 Other Statutory Actions |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Med. Malpractice — ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 891 Agricultural Acts |
| ❏ 196 Franchise | | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 893 Environmental Matters |
| | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ❏ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights — ❏ 510 Motions to Vacate Sentence | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting — **Habeas Corpus:** | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment — ❏ 530 General | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations — ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment — ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - Other — ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ❏ 446 Amer. w/Disabilities - Other — ❏ 555 Prison Condition | ❏ 465 Other Immigration Actions | | |
| | ❏ 448 Education — ❏ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from another district *(specify)*
- ❏ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §§ 2000e et seq., as well as 42 U.S.C. § 1981
Brief description of cause:
Plaintiff was terminated from her employment based upon her race.

**VII. REQUESTED IN COMPLAINT:**
❏ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $ 900,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ❏ No

**VIII. RELATED CASE(S) PENDING OR CLOSED:** *(See instructions)*:
JUDGE _____   DOCKET NUMBER _____

DATE  10/16/13
SIGNATURE OF ATTORNEY OF RECORD  *Jason Nordsell*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____